IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY E. NEFF, SR., | CASE NO. 2:08-cv-831 |
| | CRIM. NO. 2:02-cr-009(1) |
| Petitioner, | JUDGE EDMUND A. SARGUS, JR. |
| | MAGISTRATE JUDGE E.A. PRESTON DEAVERS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER

On July 15, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending dismissal of the instant motion under 28 U.S.C. § 2255 and denying Petitioner's request for an evidentiary hearing. Doc. No. 832. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 833. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits. Petitioner again argues that he was denied a fair appeal because the court reporter failed to provide a transcript of closing arguments to his appellate counsel, who therefore was unable to determine whether there existed any potentially meritorious issues therein to raise on appeal. Referring to *United States v. Brumley*, 560 F.2d 1268 (5th Cir. 1977), Petitioner contends that prejudice therefore must be presumed due to a

violation of the Court Reporters Act of 28 U.S.C. § 753(b).[1] *Objections*, at 2.  According to

---

[1] 28 U.S.C. § 753(b) provides:

Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding.

The reporter or other individual designated to produce the record shall attach his official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years.

The reporter or other individual designated to produce the record shall transcribe and certify such parts of the record of proceedings as may be required by any rule or order of court, including all arraignments, pleas, and proceedings in connection with the imposition of sentence in criminal cases unless they have been recorded by electronic sound recording as provided in this subsection and the original records so taken have been certified by him and filed with the clerk as provided in this subsection. He shall also transcribe and certify such other parts of the record of proceedings as may be required by rule or order of court. Upon the request of any party to any proceeding which has been so recorded who has agreed to pay the fee therefor, or of a judge of the court, the reporter or other individual designated to produce the record shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript his official certificate, and deliver the same to the party or judge making the request.

The reporter or other designated individual shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so

Petitioner, the transcript of closing arguments would provide evidence of an agreement between the parties that he would be held responsible solely for five to twenty grams of methamphetamine on Count 1 of the Indictment.

These arguments are not persuasive. *United States v. Brumley*, 560 F.2d at 1281, upon which Petitioner relies, involved a violation of the Court Reporters Act due to the failure to report twenty-one bench conferences during a trial. During these conferences, defense counsel launch numerous objections. Here, the record does not reflect any violation of the Court Reporters Act, but only that the court reporter did not transcribe closing arguments into written form prior to petitioner's appeal, apparently because appellate counsel did not request her to do so. *See, e.g., Hefton v. United States*, 339 F.Supp. 475, 476-77 n.2 (D.C. Del. 1972)(no violation of 28 U.S.C. § 753(b) where closing arguments of all parties were recorded, but not transcribed in typewritten form until after the § 2255 petition was filed,

---

made.

> The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had. No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record.

> The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.

noting "[u]nless specifically requested, the reporters do not include opening and closing arguments when they transcribe a trial record.") Further, as discussed by the Magistrate Judge, the record plainly contradicts Petitioner's allegation of any agreement between the parties regarding the quantity of narcotics for which he would be held accountable or any other relevant conduct. His allegation that the trial record has been altered due to a collusion between the Court, the government, the court reporter, and the defense attorneys simply is unworthy of credit in these proceedings and fails to warrant an evidentiary hearing. *See* 28 U.S.C. § 2255 (b).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

EDMUND A. SARGUS, JR.
United States District Judge

Date: 8-12-2010

4